## STATE *v.* FORT SMITH.

Opinion delivered April 30, 1892.

*City fines payable to city.*

All fines imposed by city courts for violation of city ordinances are payable into the city treasury, notwithstanding the acts punished are also offenses against the State.

*Hackett City* v. *State, ante,* p. 133, followed.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

Action by the State, for the use of the Fort Smith district of Sebastian county, against the city of Fort Smith, to recover the amount of certain municipal fines

collected and paid into the city treasury for the violation of the city ordinances, the acts punished being also offenses against the State.   Judgment was rendered for the defendant, from which plaintiff appeals.

*J. B. McDonough*, Prosecuting Attorney, for appellant.

Under sec. 5860, all fines for crimes against the State belong to the counties, and the legislature cannot divert them.   Acts 1871, p. 82 ; Acts 1883, p. 290 ; Art. 7, sec. 23, Const.; Mansf. Dig. secs. 744, 748, 818, 875, 927, 5860.

The *City Attorney* for appellee.

The city is entitled to all fines for violation of city ordinances, even they be for crimes against the State also.   Acts 1885, p. 99, sec. 4 ; Mansfield's Dig. secs. 5860–5863.

COCKRILL, C. J.   This case is controlled by the decision in the case of *Hackett City* v. *State, ante* p. 133. The appellant in that case is an incorporated town, while the appellee, Fort Smith, was, during a part of the time for which the recovery is sought, a city of the second class, and during the residue a city of the first class. But a review of the legislation referred to in the Hackett City case will show that the difference in the facts tends to strengthen rather than weaken the city's position. The judgment in its favor will be affirmed.